# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GUNSAULS,<br><br>                          Plaintiff,<br><br>v.<br><br>SORENSON COMMUNICATIONS, LLC,<br><br>                          Defendant. | Case No.: 26-cv-00726-AGS-JLB<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1.d of the Civil Local Rules, a Case Management Conference was held on **<u>June 4, 2026</u>**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, the Court sets the following case management schedule:

| | |
|---|---|
| Joint Motion for Protective Order | June 26, 2026 |
| Motions to Amend | July 13, 2026 |
| Deadline to Propound Written Discovery | August 3, 2026 |
| Fact Discovery Completion | October 5, 2026 |

26-cv-00726-AGS-JLB

| Expert Witness Designations | November 2, 2026 |
|---|---|
| Supplemental and Rebuttal Expert Witness Designations | November 16, 2026 |
| Expert Witness Disclosures | December 17, 2026 |
| Rebuttal Expert Witness Designations and Disclosures | December 31, 2026 |
| Expert Discovery Completion | January 28, 2027 |
| MSC Statements | February 11, 2027 |
| Mandatory Settlement Conference | February 19, 2027, at 9:00 AM |
| Pretrial Motions | March 8, 2027 |
| Rule 26(a)(3) Disclosures/ Memoranda of Contentions of Fact and Law | May 28, 2027 |
| Meet and Confer on the PTO/ Motion in Limine Deadline | June 4, 2027 |
| Draft PTO to Defense Counsel | June 11, 2027 |
| Lodge PTO/ Motion in Limine Responses | June 18, 2027 |
| Final Pretrial Conference | June 25, 2027, at 10:30 AM |

1.    Counsel must refer to Judge Schopler's Chambers Rules—Civil, as well as the undersigned Magistrate Judge's chambers rules, which are accessible via the Court's website at www.casd.uscourts.gov. (For purposes of this Order, the term "counsel" includes parties representing themselves.)

2.    The Court understands that parties to litigation often enter into stipulations that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in specified way. Any motion for a protective order entering such stipulation(s) in this case must be filed as a joint motion and comply with § VI of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules. The parties may use Judge Burkhardt's model protective order, which is available on the Court's website under

her Chambers Rules.[1]

If the need for a protective order is not initially apparent to the parties and only becomes apparent due to a later development in the case, the parties must seek leave to file a late motion for protective order.  Any such motion shall be supported by good cause, which includes an explanation as to why the parties could not have anticipated the need for a protective order.

3.    All discovery must be complete by the above date.  "Complete" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated sufficiently before the cut-off date, so that it may be completed by the cut-off date, accounting for the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.  Unless the Court orders otherwise, the Court will not recognize any stipulation continuing or altering this requirement.

Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1.a.  Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules.  **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute.  *See* J. Burkhardt Civ. Chambers R. § V.  **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4.    A Mandatory Settlement Conference ("MSC") will be held by video

---

[1]    https://www.casd.uscourts.gov/Judges/burkhardt/docs/Burkhardt%20Model%20Protective%20Order.docx

3

26-cv-00726-AGS-JLB

conference[2] on **February 19, 2027** at **9:00 AM** before **Magistrate Judge Jill L. Burkhardt**. **Mandatory directions for participating in the MSC by video conference are attached hereto.** The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case. All MSC discussions will be off the record, privileged, and confidential. *See* CivLR 16.3.h.

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[3] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

---

[2] If any party believes the MSC is more likely to be successful if conducted in-person, that party shall meet and confer on the issue with the other parties. After meeting and conferring, and no later than **60 days before the MSC**, the parties shall leave a joint voicemail with chambers at (619) 557-6624 indicating which of the parties requests an in-person MSC. In the voicemail, the parties shall leave three mutually available dates for a telephonic status conference to discuss whether the MSC should be held in-person. The final decision will be made by the Court.

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

26-cv-00726-AGS-JLB

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

5. No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

6. No later than **February 11, 2027**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

7. All pretrial motions must be filed by the above date. In this context, the term "pretrial motions" includes summary-judgment motions, *Daubert* motions, and all other motions before trial, other than motions in limine. Before filing any pretrial motion, movant's counsel must contact the appropriate judge's chambers for a hearing date.

8. For the Final Pretrial Conference Order, the parties must meet and confer and prepare a proposed order containing each category in Local Civil Rule 16.1.f.6, **plus**:

    a.   **Exhibits**: Each exhibit that will be offered in a redacted form must be presented as set out in Judge Schopler's chambers rules. Any dispute concerning redactions should be filed as a separate motion in limine.

    b.   **Pretrial-Disclosure Objections**: Counsel must note any objections to any other party's pretrial disclosures. *See* Fed. R. Civ. P. 26(a)(3).

    c.    **Jury Instructions and Verdict Forms**: As Appendix 1, the parties must propose a set of jury instructions and verdict forms.  In a summary chart, the parties must identify and set out the basis of any disputes.

    d.    **Voir Dire Questions**: As Appendix 2, the parties must propose voir dire questions.  As with proposed jury instructions, the parties must identify each dispute and its basis in a summary chart.

9.    Plaintiff's counsel is responsible for preparing the first draft of the proposed pretrial order and arranging the meetings of counsel under Civil Local Rule 16.1.f.  All counsel must cooperate in the preparation of the proposed pretrial order, and opposing counsel must communicate promptly with Plaintiff's counsel about any objections to form or content.  The parties should consult the Magistrate Judge to work through any problems in preparing that order.

10.    For the proposed pretrial order, the Court prefers trial exhibits to be jointly listed in a table format, including columns for exhibit numbers/letters, description of exhibits, whether there are objections to the exhibits, and grounds for objections.  The joint table must also include a column for whether the exhibits are likely to be used or may be used.  Alternatively, the parties may submit two separate joint tables, one for exhibits likely to be used and one for exhibits that may be used.

11.    The proposed pretrial order, including objections to any other party's Rule 26(a)(3) pretrial disclosures, must be lodged at efile_schopler@casd.uscourts.gov.

12.    The parties must file all motions in limine at least 21 days before the Final Pretrial Conference.  Responses are due 7 days before the Final Pretrial Conference.  At the Final Pretrial Conference, the Court will hear all motions in limine and entertain any questions about the conduct of the trial.

13.    The Final Pretrial Conference will take place in Courtroom 5C of the Schwartz U.S. Courthouse, 221 W. Broadway, San Diego, California 92101.

14.    After any verdict, a party may request—or the Court may order—a post-trial judicial settlement conference.

26-cv-00726-AGS-JLB

15.     The provisions of this Order will not be modified except by court order upon a showing of good cause.

16.     Plaintiff's counsel must serve a copy of this Order on all parties who enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  June 15, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

26-cv-00726-AGS-JLB

**<u>Mandatory Directions for Zoom Video Conference Participation</u>**

1.      The Court will use its official ZoomGov video conferencing account to hold the MSC.  **IF YOU ARE UNFAMILIAR WITH ZOOM:**  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[5]  There is a cost-free option for creating a Zoom account.

2.      Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**.  Zoom may then prompt participants to enter the password included in the invitation.  All participants will be placed in a waiting room until the MSC begins.

3.      Each participant should plan to join the Zoom video conference **at least <u>5 minutes</u> before** the start of the MSC to ensure that the MSC begins on time.

4.      Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC.  That is, the Court will begin the MSC with

---

[4]      If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[5]      For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

26-cv-00726-AGS-JLB

all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.      As previously stated, MSCs are confidential court proceedings.  All attendees must participate from a private and stable location where no individual who is not a party, a party representative, or an attorney for a party can overhear the proceedings.  All attendees must be prepared to devote their full attention to the MSC as if they were attending in person.  This means that attendees must clear their schedules of all conflicts for the entire period of the MSC.[7]  Attendees may not participate from a moving car or a public space.

6.      All participants are expected to display the same level of professionalism and civility as they would at an in-person court proceeding.  *See* CivLR 2.1; J. Burkhardt's Civ. Chambers R. § I.

---

[6]      For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[7]      MSCs are ordinarily scheduled for three hours but may last considerably longer.

26-cv-00726-AGS-JLB